# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 03-1162

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Junior C. Menteer, | * | [TO BE PUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: September 9, 2003
Filed: May 17, 2005

———————

Before MORRIS SHEPPARD ARNOLD, BEAM, and BYE, Circuit Judges.

———————

PER CURIAM.

This case is before us on remand from the United States Supreme Court for further consideration because of its recent decision in Shepard v. United States, 125 S. Ct. 1254 (2005). Shepard held a sentencing court cannot consider police reports to determine whether a plea of guilty to a "non-generic" burglary statute qualifies as a violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), but is limited to considering "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 125 S. Ct. at 1263.

In this case, we affirmed the district court's determination Junior Menteer was an armed career criminal based on admitted facts set forth in the presentence report (PSR) which established Menteer's guilty plea to a non-generic burglary statute satisfied the generic definition of burglary. United States v. Menteer, 350 F.3d 767, 771-72 (8th Cir. 2003). Specifically, the PSR stated "Menteer forcibly entered a residence, armed with a deadly weapon, with the intent of robbing the victim." Id. at 771. We held "Menteer's failure to object to that portion of the PSR constitutes an admission of those facts." Id. (citing United States v. Moser, 168 f.3d 1130, 1132 (8th Cir. 1999)).

The concern in Shepard was the Sixth Amendment implication of having a sentencing judge "make a disputed finding of fact about what the defendant . . . must have understood as the factual basis for the prior plea." Shepard, 125 S. Ct. at 1262. This concern is not implicated when the "certainty of a generic finding lies in . . . the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea." Id.

Since the ACCA determination in Menteer's case was based on his own admissions, we conclude our earlier resolution of this issue is unaffected by Shepard. Thus, we reinstate our prior opinion and again affirm Menteer's judgment of conviction and sentence in all respects.

_____