# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3464

_____

United States of America,

    Plaintiff - Appellee,

v.

Alvin Eason,

    Defendant - Appellant.

\*    Appeal from the United States
\*    District Court for the
\*    Eastern District of Missouri.

_____

Submitted: February 14, 2011
Filed: July 7, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Alvin Eason pleaded guilty to four counts of bank robbery in violation of 18 U.S.C. § 2113(a). The Plea Agreement included a limited appeal waiver. Based on two prior burglary convictions, the district court[1] found that Eason is a career offender and sentenced him to 151 months in prison, the bottom of the resulting guidelines range. Eason appeals, arguing he was improperly sentenced as a career offender and the career-offender-enhanced sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). We

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

reject the government's contention that the second issue falls within the appeal waiver, reject Eason's arguments on the merits, and affirm.

**I.**

The now-advisory Guidelines increase a defendant's offense level and criminal history category if he is a "career offender." U.S.S.G. § 4B1.1(b). An adult convicted of a felony crime of violence such as bank robbery is a "career offender" if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). On appeal, Eason argues, as he did in the district court, that he does not have two prior qualifying convictions because his 1997 Tennessee burglary conviction was not for a "crime of violence." We review application of the career offender enhancement *de novo*. United States v. Stymiest, 581 F.3d 759, 767 (8th Cir. 2009), cert. denied, 130 S. Ct. 2364 (2010).

A "crime of violence" is defined as including "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (2) is burglary of a dwelling . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a). An offense that includes the elements of "generic burglary" -- "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime" -- is "burglary" for purposes of the nearly identical definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). Taylor v. United States, 495 U.S. 575, 598-99 (1990). Thus, we have repeatedly held that "any generic burglary is a crime of violence" for purposes of U.S.S.G. § 4B1.2(a)(2). Stymiest, 581 F.3d at 767-69; see United States v. Bell, 445 F.3d 1086, 1090 (8th Cir. 2006).[2]

---

[2]We have often noted that "violent felony" and "crime of violence" are virtually interchangeable in definition and interpretation. See United States v. Williams, 537 F.3d 969, 971 (8th Cir. 2008).

In the 1997 offense at issue, Eason was convicted of committing "Burglary" in violation of Tenn. Code Ann. § 39-14-402. The statute at that time provided:

(a) A person commits burglary who, without the effective consent of the property owner: (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault; (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building; (3) Enters a building and commits or attempts to commit a felony, theft or assault; or (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Subparts (1)-(3) of this statute plainly set forth the elements of generic burglary as defined by the Supreme Court in Taylor.[3] Moreover, the Supreme Court of Tennessee has consistently defined the elements of burglary offenses as including unlawful entry into a building. See State v. James, 315 S.W.3d 440, 456 (Tenn. 2010); State v. Langford, 994 S.W.2d 126, 127 (Tenn. 1999). Consistent with these decisions, the Sixth Circuit, whose jurisdiction includes Tennessee, has repeatedly held that Tennessee burglary convictions are violent felonies under the Armed Career Criminal Act. See United States v. Nance, 481 F.3d 882, 888 (6th Cir.), cert. denied, 552 U.S. 1052 (2007); United States v. Anderson, 923 F.2d 450, 454 (6th Cir.), cert. denied, 500 U.S. 936 (1991).

---

[3]This Tennessee statute "is potentially over-inclusive" because subpart (4) includes burglaries of automobiles, trucks, trailers, boats, and airplanes, which are not "buildings." Stymiest, 581 F.3d at 768, citing Taylor, 495 U.S. at 591, 599, 602. However, as in Stymiest, Eason's PSR included a paragraph, to which he did not object, stating: "[c]ourt records indicate that on September 17, 1997 . . . [Eason] knowingly and unlawfully entered a building not open to the public, without consent and with the intent to commit theft." "When a defendant fails to object to fact recitations in the PSR establishing that a prior offense was generic burglary, the government need not introduce at sentencing the documentary evidence" that might otherwise be required. Stymiest, 581 F.3d at 768 (quotation and citations omitted).

Eason argues, however, that the decision of the Tennessee Court of Criminal Appeals in Tennessee v. Fluellen, 2006 WL 288105 (Tenn. Crim. App. Feb. 7, 2006), established that a defendant may be convicted of burglary under Tenn. Code Ann. § 39-14-402 "simply by admitting that he obtained or exercise[d] control over property of another," which is the definition of theft found in Tenn. Code Ann. § 39-14-103. We disagree. The issue in Fluellen was whether the evidence was sufficient to convict defendant of violating § 39-14-402(a)(1). The Court first stated, in the passage upon which Eason relies, the State's burden of proof:

> To convict the Defendant of burglary, the State was required to prove that the Defendant "without the effective consent of the property owner: enter[ed] a building other than a habitation (or any portion thereof) not open to the public, with the intent to commit a felony, theft, or assault . . . . According to Tennessee Code Annotated section 39-14-103 (2003), "A person commits theft of property if, with the intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent."

Fluellen, 2006 WL 288105, at *4. The Court carefully reviewed the trial evidence and concluded that "the trier of fact could reasonably infer that the Defendant had been inside the restaurant" and that "the Defendant entered the restaurant with the intent to commit theft." Id. at *5. Thus, properly read, Fluellen is entirely consistent with Supreme Court of Tennessee decisions stating that entry is an essential element of this burglary offense. We think it apparent that the language on which Eason relies merely recited one way to prove an *additional* element of generic burglary -- entry for an unlawful purpose, in that case, intent to commit theft. Thus, Fluellen supports the Sixth Circuit decisions placing a violation of Tenn. Code Ann. § 39-14-402(a)(1)-(3) squarely within the U.S. Supreme Court's definition of generic burglary.

For these reasons, the district court did not err in concluding that Eason's 1997 burglary conviction for violating Tenn. Code Ann. § 39-14-402 was a crime of

violence under U.S.S.G. § 4B1.2(a)(2) and in determining that Eason's advisory guidelines sentencing range should therefore include a career offender enhancement.

## II.

Eason further argues that his 151-month sentence is greater than necessary to achieve the goals advanced in § 3553(a)(2) and therefore substantively unreasonable. See Gall v. United States, 128 S. Ct. 586, 596-97 & n.6 (2007).

The government first responds that Eason waived the right to raise this issue on appeal. We disagree. The plea agreement included a limited appeal waiver:

> In the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, *except for* the Criminal History Category, Career Offender Status and Armed Career Criminal Status.

The Agreement also contained detailed "Guidelines Recommendations (Not Binding on the Court)" that included recommendations concerning the base offense level for each Count, Chapter 2 offense characteristics, Chapter 3 and other adjustments, and acceptance of responsibility. "Based on these recommendations," this section of the Agreement concluded, "the parties estimate that the Total Offense Level for Counts I, III and IV is 19. The Total Offense Level for Count II is 20." The district court at sentencing instead applied the career offender enhancement and determined a total offense level of 29. Thus, unlike United States v. Miller, 606 F.3d 969, 972 (8th Cir. 2010), the court did not apply all of the recommendations agreed to by the parties. Eason may therefore appeal, not only his career offender status, as the Plea Agreement

expressly allowed, but also the reasonableness of the court's refusal to vary downward from the career-offender-enhanced advisory guidelines range.

Alternatively, the government argues that the district court did not abuse its discretion when it imposed a sentence within the properly determined guidelines range. We agree. We may consider a within-range sentence presumptively reasonable on appeal, including a range enhanced by the career offender provisions. Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Moreover, "it will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). Here, after weighing the mitigating circumstances argued in Eason's Sentencing Memorandum and at the sentencing hearing against the serious offense of conviction -- four bank robberies in a one-year time span -- and Eason's long history of crimes and substance abuse, the district court concluded that a sentence at the bottom of the advisory range was consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). That sentence was not substantively unreasonable.

The judgment of the district court is affirmed.

_____