# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2483

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Dennis Putzier, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 12, 2012
Filed: March 19, 2012

_____

Before WOLLMAN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Dennis Putzier pleaded guilty in 2011 to federal methamphetamine charges. The District Court[1] sentenced Putzier as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines Manual to 262 months in prison. Putzier appeals, challenging the career-offender enhancement. We review de novo a district court's application of the enhancement. United States v. Eason, 643 F.3d 622, 623 (8th Cir. 2011), cert. denied, 132 S. Ct. 1053 (2012).

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

The District Court determined that Putzier's 2011 Iowa conviction for third-degree burglary was a "crime of violence" for career-offender purposes under § 4B1.1(a)(3). Under the Guidelines, a crime of violence, as relevant to Putzier, "is burglary of a dwelling." U.S. Sentencing Guidelines Manual § 4B1.2(a)(2). Putzier argues that the broad language of the Iowa statute under which he was convicted could include burglaries that do not qualify as crimes of violence. But the criminal history section of Putzier's Presentence Investigation Report (PSR), paragraph 60, to which he did not object, describes Putzier's participation in the burglary of "a residence" in September 2010. That is a crime of violence under the Guidelines.

Putzier contends that the PSR is not a document upon which the District Court was permitted to rely in making the career-offender determination, citing Shepard v. United States, 544 U.S. 13 (2005). Shortly after Shepard was decided, however, we noted that a defendant's failure to object to the portion of the PSR that describes the factual basis of a predicate offense that may be used to enhance a sentence constitutes an admission of the cited facts. United States v. Menteer, 408 F.3d 445, 446 (8th Cir. 2005) (per curiam) (armed-career-criminal enhancement); see also United States v. Reliford, 471 F.3d 913, 916–17 (8th Cir. 2006), cert. denied, 550 U.S. 938 (2007). Putzier's objection to paragraph 33 of the PSR, which referenced the burglary conviction but not the underlying facts of the crime, did not put the government on notice that it might need to produce Shepard-approved documentation of the burglary details. Even after the probation officer responded to Putzier's objection to paragraph 33 by noting that Putzier pleaded guilty to entering or breaking into an occupied structure, Putzier did not object to the facts set out in paragraph 60. Because the facts underlying Putzier's conviction for burglary of a dwelling, a crime of violence under the Guidelines, were deemed admitted, the District Court properly considered the

burglary conviction, without further documentation of the details, in making the determination that Putzier was a career offender.

We affirm Putzier's sentence.[2]

————————————————

[2]Putzier's sentence was at the bottom of his career-offender-enhanced Guidelines range of 262–327 months.  The District Court noted that if the career-offender enhancement had not applied, the court "would definitely do an upward departure for substantial underrepresentation of criminal history," putting the 262-month sentence in the middle of the upward-departure range of 235–293 months calculated by the District Court.  Sent. Tr. at 15, 16.