# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1283

_____

United States of America

*Plaintiff - Appellee*

v.

Mario Thomas, also known as "Hoodie"

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

_____

Submitted: September 19, 2016
Filed: September 26, 2016
[Published]

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mario Thomas appeals the district court's[1] enhancement of his sentence under the United States Sentencing Guidelines (U.S.S.G. or Guidelines), and we affirm.

---

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

Thomas was convicted of distributing cocaine base. At sentencing the district court applied the Guidelines' career-offender enhancement on the basis of two prior convictions, one of which was for first-degree battery under § 5-13-201 of the Arkansas Code. That statute enumerates several classes of conduct that qualify as first-degree battery, including: "With the purpose of causing serious physical injury to another person, the person causes serious physical injury to any person by means of a deadly weapon." Ark. Code Ann. § 5-13-201(a)(1). The Arkansas Code defines "serious physical injury" as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ," id. § 5-1-102(21), and "deadly weapon" as "(A) A firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious physical injury; or (B) Anything that in the manner of its use or intended use is capable of causing death or serious physical injury," id. § 5-1-102(4).

In United States v. Boose, 739 F.3d 1185, 1188 (8th Cir. 2014), we held that § 5-13-201 prohibits a wider range of conduct than that which would be considered a crime of violence under the "force clause" of U.S.S.G. § 4B1.2(a)(1). The district court therefore employed the "modified categorical approach" when sentencing Thomas to attempt to determine whether he had been convicted under a divisible portion of § 5-13-201 prohibiting a class of conduct that qualified as a crime of violence. It looked to the information, which identified § 5-13-201 as the statute under which Thomas was charged with first-degree battery. Although that document did not in express terms identify any particular subsection of § 5-13-201, it parroted the language of subsection (a)(1), alleging that Thomas, "with the purpose to cause serious physical injury did cause serious injury to Jarnard McCree by means of a deadly weapon." The sentencing order indicated that Thomas pled guilty to that charge and there was no evidence the information had been amended. The district court concluded that Thomas pled guilty to a violation of subsection (a)(1). It further

concluded that subsection (a)(1) requires as an element the use of violent force and is therefore a crime of violence.

The district court applied the career-offender enhancement on the basis of Thomas's prior conviction under § 5-13-201(a)(1) and another prior conviction for delivery of a controlled substance. This resulted, after a downward adjustment for acceptance of responsibility, in an offense level of 31 and a recommended Guidelines range of 188 to 235 months' imprisonment. The district court denied Thomas's objection to the career-offender enhancement and sentenced Thomas to 188 months' imprisonment. Thomas now appeals, arguing that his prior conviction for first-degree battery under § 5-13-201 was not a crime of violence because: (1) the charging document does not specify which subsection Thomas was charged with and (2) in any event subsection (a)(1) does not require the use–actual, attempted, or threatened–of violent force.[2]

"We review de novo a district court's application of an enhancement based upon a prior conviction." United States v. Pierson, 544 F.3d 933, 941 (8th Cir. 2008). The career-offender enhancement prescribes the offense level for certain defendants who have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). The definition of a "crime of violence" includes any offense, punishable by imprisonment for a term exceeding one year, that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 4B1.2(a)(1). The Supreme Court has addressed the question of what offenses qualify as a "violent felony" under the Armed Career Criminal Act (ACCA), Johnson v. United States, 559 U.S. 133 (2010), and we employ that analysis to determine whether an offense is a crime of violence under the

---

[2]Because we affirm the district court, we do not reach Thomas's further arguments that his previous convictions for second-degree battery and kidnaping likewise do not qualify as crimes of violence.

Guidelines, e.g., Boose, 739 F.3d at 1187 n.1 (noting the ACCA's and Guidelines' "nearly identical definitions" of "violent felony" and "crime of violence").

Under Johnson, a previous conviction is one for a crime of violence if the crime of conviction requires as an element the actual, attempted, or threatened use of "violent force"–i.e., "force capable of causing physical pain or injury to another person." 559 U.S. at 140. If violent force is an element of the crime of conviction, the inquiry ends; by being convicted of that crime the defendant necessarily has been convicted of a crime employing violent force and, therefore, a crime of violence. The district court may make this determination by "look[ing] only to the fact of conviction and the statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602 (1990). This "categorical approach" is not appropriate, however, if the defendant has been convicted under a statute that defines both crimes that do and crimes that do not qualify as a crime of violence. In that case, the district court may look to certain kinds of record evidence to determine which of these crimes the defendant was convicted of–the so-called "modified categorical approach." See United States v. Ossana, 638 F.3d 895, 899-900 (8th Cir. 2011). In the event of a past conviction based on a guilty plea, the district court may look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005). Both parties agree that the only record setting forth a factual basis for Thomas's conviction under § 5-13-201 in this case is the charging document.

Thomas first argues that the charging document does not establish that he was convicted under subsection (a)(1) of § 5-13-201. Records that the district court is permitted to rely upon under the modified categorical approach must establish the crime of conviction by a preponderance of the evidence. United States v. Ossana, 679 F.3d 733, 736 (8th Cir. 2012). "Occasionally, . . . it will be necessary to interpret the

-4-

state court record and make reasonable inferences based upon the Shepard-qualifying materials in order to identify the discrete statutory subdivision at issue." Id. We agree with the government and infer from the information that Thomas was convicted under subsection (a)(1). The charge tracks the language of (a)(1), and that is the only subsection of § 5-13-201 that employs, as the charge does, the term "deadly weapon." The state court's criminal docket indicates that the information was never amended, and the plea agreement and sentencing order do not contradict this conclusion in any way. See United States v. Vinton, 631 F.3d 476, 485 (8th Cir. 2011) (concluding defendant was convicted under a subsection of a statute because "[t]he charging instrument precisely track[ed] the language" of that subsection).

Second, Thomas argues that § 5-13-201(a)(1) does not qualify as a crime of violence under U.S.S.G. § 4B1.2(a)(1). But as the plain language of § 5-13-201(a)(1) and the statutory definition of "serious physical injury" suggest, one must cause serious injury to violate § 5-13-201(a)(1). In Smith v. State, 98 S.W.3d 433, 438 (Ark. 2003), the Supreme Court of Arkansas held that repeatedly striking a victim in the head with the butt of a gun merely inflicted "physical injury" sufficient for a second-degree battery conviction but not "serious physical injury" as required for first-degree battery.[3] Thus, if it is the case that a defendant exercises physical force to violate subsection (a)(1) by causing serious physical injury as Arkansas defines and interprets that term, then such physical force unquestionably meets the definition of "violent force" set forth in Johnson; that force must necessarily have been capable of causing physical pain or injury to another person.

The question, then, is whether it is possible to inflict serious physical injury by means of a deadly weapon, as those terms are defined in the Arkansas Code, without

_____

[3]Although we are not bound by Arkansas state courts' definition of "physical force" as that term is used in the Guidelines, we are bound by their interpretation of what § 5-13-201(a)(1) requires. Johnson, 559 U.S. at 138.

employing physical force. We conclude it is not. As the Supreme Court has explained, the term *physical* force "plainly refers to force exerted by and through concrete bodies." Johnson, 559 U.S. at 138. The Arkansas Code's definition of "deadly weapon" describes just such a physical instrumentality. Ark. Code Ann. § 5-1-102(4). This result is demanded by both common sense and our precedent. See United States v. Rice, 813 F.3d 704, 706 (8th Cir. 2016) (holding Arkansas's statute for *second*-degree battery prohibiting "intentionally or knowingly . . . caus[ing] physical injury" is a crime of violence under the Guidelines' force clause (alteration in original) (quoting Ark. Code Ann. § 5-13-202)); Vinton, 631 F.3d at 485-86 (same for a Missouri assault statute making it a crime if a person "[a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument" (quoting Mo. Rev. Stat. § 565.060.1(2)).[4]

Accordingly, we affirm.

_____

_____

[4]Thomas's reliance on the dissent in Rice is unavailing, not least because we are bound by the court's opinion in that case.