# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3757
_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Laurence Treta

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 19, 2016
Filed: September 26, 2016
[Unpublished]
_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Jeffrey Treta appeals his sentence of 480 months following his guilty plea to two counts of production of child pornography in violation of 18 U.S.C. § 2251(a), two counts of production of child obscenity in violation of 18 U.S.C. § 1466A(a)(1), one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4), and one count of obstruction of justice in violation of 18 U.S.C. § 1519. The advisory

Guidelines range was life imprisonment based on a total offense level of 43 and thus the district court[1] stayed within the Guidelines by imposing a sentence of 480 months.

On appeal, Treta argues his sentence is substantively unreasonable. Specifically, Treta claims the district court focused exclusively on the need to protect the public from future crimes despite the evidence Treta claims established that there was a very limited risk that he would reoffend. At the sentencing hearing, Treta requested a sentence of 180 months, asking the court to consider the low rate of sexual offender recidivism, and the opportunity for sex offender treatment in the Bureau of Prisons as support for his requested sentence. The government, in turn, asked the district court to impose a sentence of 720 months. Reviewing for an abuse of discretion, United States v. Leonard, 785 F.3d 303, 306 (8th Cir. 2015), we find none. After reviewing the record in its entirety, we find that the district court properly considered the 18 U.S.C. § 3553(a) factors and chose to impose a within-Guidelines sentence, which we conclude is presumptively reasonable on appeal. United States v. Eason, 643 F.3d 622, 626 (8th Cir. 2011). The district court went through the § 3553(a) factors and additionally recognized that while there were multiple aggravating factors in this case, the court did not see anything of significance that would mitigate Treta's sentence. Given the nature of Treta's crimes, even though recidivism rates might be lower in some circumstances, the court held it could not "take the risk that there would even be one victim as a result of [Treta's release.]" The court did not afford undue weight to any of the sentencing considerations, but rather prudently considered recidivism rates, Treta's history and characteristics, the nature and circumstances of the offense, and the sentencing Guidelines and did not abuse its discretion in arriving at the sentence imposed. Accordingly, we affirm.

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.