# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3194

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffery Dulwonh Gbor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 15, 2017
Filed: February 22, 2017
[Unpublished]

_____

Before SMITH, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jeffrey Dulwonh Gbor pled guilty to charges of bank-fraud conspiracy and aggravated identity theft. The district court[1] sentenced him to 136 months in prison

_____

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

and ordered $736,519.23 in restitution. On appeal, Gbor's counsel moves to withdraw, and submits a brief under *Anders v. California*, 386 U.S. 738 (1967). Gbor has filed a pro se supplemental brief. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In the *Anders* brief, counsel raises ineffective-assistance claims concerning the failure to investigate and challenge the amount of actual and intended loss, but this court will not consider those claims in this direct criminal appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed). In the supplemental brief, Gbor challenges the district court's calculation of the amount of actual loss and the amount of restitution ordered. At sentencing, Gbor did not object to the presentence report's calculation of actual losses suffered by eighteen financial institutions, and the district court was entitled to accept that calculation. *See United States v. Menteer*, 408 F.3d 445, 446 (8th Cir. 2005) (per curiam) (unobjected-to facts in presentence report are deemed admitted). Gbor also did not object to the amount of restitution ordered, which was based on the actual-loss calculations. This court cannot say that the restitution order is plainly erroneous. *See* 18 U.S.C. § 3663A (Mandatory Victims Restitution Act); *United States v. Ramirez*, 196 F.3d 895, 899 (8th Cir. 1999) (plain-error review). Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.[2]

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____

[2]Given the disposition of this appeal, this court need not—and does not—consider the validity of the appeal waiver that was a part of the written plea agreement in this case.