# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4402

_____

United States of America

*Plaintiff - Appellee*

v.

Robert J. Daniels

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 9, 2017
Filed: July 21, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Robert J. Daniels pled guilty to conspiring to receive and possess a firearm in violation of 18 U.S.C. §§ 371, 922(g)(1). The district court[1] sentenced him to 40

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

months imprisonment, based in part on its determination that his prior conviction for assault of a law enforcement officer in the second degree was a crime of violence under the sentencing guidelines. Daniels appeals his sentence, and we affirm.

I.

Daniels pled guilty to conspiring to receive and possess a firearm in violation of 18 U.S.C. §§ 371, 922(g)(1). The presentence investigation report recommended a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4) because Daniels had committed the current offense after having a felony conviction for a crime of violence (a 2008 Missouri conviction for assault of a law enforcement officer in the second degree). See Mo. Rev. Stat. § 565.082.1 (2008).

Daniels argued at sentencing that this prior conviction is not a crime of violence because the state court records did not clearly indicate the subsection of the statute to which he pled guilty. Daniels claimed that if the court could not discern the subsection under which he was convicted, it would have to apply the categorical approach to determine if his prior second degree assault conviction qualified as a crime of violence. Daniels argued that under the categorical approach his prior conviction would not qualify as a crime of violence.

In the state court proceeding, Daniels was initially charged with two counts of assault of a law enforcement officer in the first degree, in violation of Mo. Rev. Stat. § 565.081 (2008). He later pled guilty to two counts of assault of a law enforcement officer in the second degree, in violation of Mo. Rev. Stat. § 565.082 (2008). None of the state court documents entered into evidence at sentencing indicate the subsection of Mo. Rev. Stat. § 565.082 (2008) to which Daniels pled guilty.

The prosecutor's statements at the state plea hearing are the only record of the subsection to which Daniels pled guilty. Daniels argued at his federal sentencing

hearing that the state prosecutor's statements had not sufficiently clarified the specific subsection to which Daniels pled guilty because they conflated first degree and second degree assault of a law enforcement officer. A person is guilty of assault of a law enforcement officer in the first degree if he "attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer." Mo. Rev. Stat. § 565.081.1 (2008). A person is guilty of assault of a law enforcement officer in the second degree if he:

> (1) Knowingly causes or attempts to cause physical injury to a law enforcement officer . . . by means of a deadly weapon or dangerous instrument; . . .
> (3) Recklessly causes serious physical injury to a law enforcement officer . . . ; or
> (4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle . . . and when so operating, acts with criminal negligence to cause physical injury to a law enforcement officer . . . .

Id. § 565.082.1 (2008).

At Daniels' state court plea hearing the prosecutor stated, as to the first count of second degree assault, that Daniels had "knowingly caused serious physical injury to Officer Blay, by means of a dangerous instrument." As to the second count of second degree assault, the prosecutor stated that Daniels had "attempted to kill or knowingly attempted to cause physical injury to that law enforcement officer, by attempting to hit him with an automobile." Daniels admitted at the state plea hearing that those facts were correct.

At the federal sentencing hearing in the present action, the district court acknowledged that the state prosecutor's recitation of the assault charges had been "a little garbled" and that there had been "sort of a conflating of the two degrees of assault of a law enforcement officer, which was wrong." The district court nevertheless overruled Daniels' objection and determined that the prosecutor's

recitation of the facts supported a finding that Daniels had pled guilty to subdivision 1(1) of the statute. After adjusting his offense level, the district court calculated an advisory guideline range of 37 to 46 months and sentenced Daniels to 40 months. Daniels appeals, arguing that the district court erred by overruling his objection that his prior conviction did not qualify as a crime of violence.

## II.

To determine whether a prior conviction was for a crime of violence, "we apply a categorical approach, looking to the elements of the offense as defined in the . . . statute of conviction rather than to the facts underlying the defendant's prior conviction." United States v. Dawn, 685 F.3d 790, 794 (8th Cir. 2012) (quoting United States v. Parks, 620 F.3d 911, 913 (8th Cir. 2010)) (alteration in Dawn). If the statute of conviction is divisible in that it encompasses multiple crimes, some of which are crimes of violence and some of which are not, we apply a modified categorical approach to "look at the charging document, plea colloquy, and comparable judicial records" to determine which part of the statute the defendant had violated. Id. at 794–95 (quoting Parks, 620 F.3d at 913). We then determine whether a violation of that statutory subpart is a crime of violence. See id. at 795. Here, the assault of a law enforcement officer in the second degree statute is divisible because it covers multiple crimes, and subdivision 1(4) is not a crime of violence because it criminalizes negligent conduct. See Leocal v. Ashcroft, 543 U.S. 1, 9 (2004). We thus apply the modified categorical approach to Daniels' prior conviction.

Daniels initially argues that our review should be de novo because "questions of what documents a district court may rely on to determine the nature of a prior conviction" are reviewed de novo. United States v. Rosa, 507 F.3d 142, 151 (2d Cir. 2007). This appeal does not question which documents a district court may rely on, however, because all parties agree that a district court may rely on a plea colloquy to determine the nature of a prior conviction. Dawn, 685 F.3d at 795. We are instead

reviewing the district court's factual determination that Daniels was convicted for violating section 565.082.1(1), and that is reviewed for clear error.  See United States v. Twiggs, 678 F.3d 671, 674 (8th Cir. 2012).

Daniels next argues that the district court clearly erred by determining that he was convicted of subsection 1(1) of the second degree assault statute because the prosecutor's statements at the plea hearing did not identically track that subdivision. He argues that because of this uncertainty, the district court should have applied the categorical approach under which his prior conviction would not have qualified as a crime of violence.  We disagree.

Courts are allowed to "make reasonable inferences" based on the state court record "in order to identify the discrete statutory subdivision at issue." United States v. Thomas, 838 F.3d 926, 929 (8th Cir. 2016) (per curiam) (quoting United States v. Ossana, 679 F.3d 733, 736 (8th Cir. 2012)).  As to the first count of second degree assault in this case, the prosecutor stated that Daniels "knowingly caused serious physical injury to officer Blay, by means of a dangerous instrument."  Under subsection 1(1) it is a crime to "[k]nowingly cause[] . . . physical injury to a law enforcement officer . . . by means of a . . . dangerous instrument."  Mo. Rev. Stat. § 565.082.1(1) (2008).  The only difference between the prosecutor's recitation and subsection 1(1) is the addition of the word "serious" before "physical injury."

On this record it was not clear error for the district court to conclude that Daniels pled guilty to subdivision 1(1) of the second degree assault statute because the prosecutor's factual recitation as to the first count was nearly identical to the language of that subsection.  See Thomas, 838 F.3d at 929.

III.

For these reasons, we affirm the district court's judgment.

_____