# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3581

_____

United States of America

*Plaintiff - Appellee*

v.

Zachary Joseph Love, also known as Zackary Joseph Love

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: July 20, 2017
Filed: July 25, 2017
[Unpublished]

_____

Before GRUENDER, BOWMAN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Zachary Love directly appeals the below-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to a drug charge. His counsel has moved for

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), questioning the district court's Guidelines calculations and suggesting that Love's sentence is substantively unreasonable. Love has filed a motion for new counsel.

To begin, we conclude that Love waived any claim of error with regard to the drug quantity attributed to him by withdrawing his objection to the calculation at sentencing. <u>See</u> <u>United States v. Stoney End of Horn</u>, 829 F.3d 681, 687-88 (8th Cir. 2016) (where defendant withdrew objection to PSR enhancement in district court, claim of error on appeal was waived). Further, we find that there was no plain error in the calculation of Love's criminal history score. <u>See</u> <u>United States v. Lovelace</u>, 565 F.3d 1080, 1087 (8th Cir. 2009) (failure to object at sentencing results in review for plain error that affects substantial rights); <u>United States v. Menteer</u>, 408 F.3d 445, 446 (8th Cir. 2005) (per curiam) (unobjected-to facts in PSR are deemed admitted).

Finally, we conclude that the district court did not impose a substantively unreasonable sentence. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (discussing appellate review of sentencing decisions); <u>United States v. McCauley</u>, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when district court has varied below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further). In addition, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, deny Love's motion, and affirm the judgment.

_____