# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-1351

———————————————

United States of America

*Plaintiff - Appellee*

v.

Diamond Larone Thompson

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

———————

Submitted: January 10, 2018
Filed: May 8, 2018
[Unpublished]

———————

Before LOKEN, BEAM, and KELLY, Circuit Judges.

———————

PER CURIAM.

Diamond Larone Thompson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The district court[1] determined that

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

Thompson has four prior violent felony convictions and sentenced him to 180 months in prison, the mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Thompson appeals, arguing that his three prior Arkansas convictions for second degree battery and one for aggravated robbery were not violent felonies under the ACCA's force clause, § 924(e)(2)(B)(i). We conclude the second degree battery convictions were violent felonies and therefore affirm.

In determining whether Thompson's prior convictions were violent felony convictions for ACCA purposes, we apply a categorical approach that looks to the elements of the offense as defined in the statute, rather than to the facts underlying each conviction. At sentencing, the government introduced state court records establishing that Thompson's three second degree battery convictions were for violations of Ark. Code Ann. §§ 5-13-202(a)(1), (2), and (4)(A)(i):

> (a) A person commits battery in the second degree if:
> (1) With the purpose of causing physical injury to another person, the person causes serious physical injury to another person;
> (2) With the purpose of causing physical injury to another person, the person causes physical injury to another person by means of a deadly weapon other than a firearm;
> \* \* \* \* \*
> (4) The person knowingly, without legal justification, causes physical injury to or incapacitates a person he or she knows to be:
>> (A)(i) A law enforcement officer . . . or employee of a correctional facility while the law enforcement officer . . . or employee of a correctional facility is acting in the line of duty.

In <u>United States v. Rice</u>, we held that a conviction for violating § 5-13-202(a)(4) is, categorically, an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," the operative force clause standard in 18 U.S.C. § 924(e)(2)(B)(i). 813 F.3d 704. 706 (8th Cir.), <u>cert. denied</u>, 137 S. Ct. 59 (2016). We explained that a § 5-13-202(a)(4) conviction

includes the use of violent force as an element "'since it is impossible to cause bodily injury without using force 'capable of' producing that result.'"  Id., quoting United States v. Castleman, 134 S. Ct. 1405, 1416-17 (2014) (Scalia, J., concurring). Likewise, in United States v. Thomas, 838 F.3d 926, 929-30 (8th Cir. 2016), cert. denied, 137 S. Ct. 840 (2017), we concluded that first degree battery under § 5-13-201(a)(1) categorically meets the force clause standard.  And in United States v. Winston, 845 F.3d 876, 878 (8th Cir.), cert. denied, 137 S. Ct. 2201 (2017), we held that a second degree battery conviction under § 5-13-202(a)(2) for purposely causing physical injury to a person by means of a deadly weapon other than a firearm was, categorically, a violent felony under the ACCA's force clause, rejecting the contention that "a defendant might cause physical injury without using physical force."

On appeal, citing cases from other circuits, Thompson argues that these cases were wrongly decided because purposefully *causing* physical injury does not necessarily require the *use* or threatened use of violent force to commit the crime. However, Thompson has not cited any Arkansas case in which the defendant was charged with violating § 5-13-202(a)(1), (2), or (4) but did not use, attempt to use, or threaten to use violent force.  "Before we conclude that a state statute sweeps more broadly than the federal definition of violent felony, there must be a realistic probability, not a theoretical possibility, that the statute encompasses conduct that does not involve use or threatened use of violent force."  United States v. Swopes, 886 F.3d 668, 671 (8th Cir. 2018) (en banc) (quotation omitted).  Accordingly, Rice, Thomas, and Winston are controlling precedent that our panel is obliged to follow. As three prior violent felony convictions subject Thompson to the ACCA's mandatory minimum 180-month sentence, we need not consider whether his fourth conviction for *aggravated* robbery in violation of Ark. Code Ann. 5-12-103 was also a violent felony.  Cf. United States v. Eason, 829 F.3d 633, 640-42 (8th Cir. 2016)

(robbery conviction under § 5-12-102 is not, categorically, a violent felony because Arkansas appellate courts have not required threat or use of violent force).

The judgment of the district court is affirmed.

_____