# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1487

_____

United States of America,

*Plaintiff - Appellee,*

v.

Brian Christopher Jones,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: October 4, 2019
Filed: October 9, 2019
[Unpublished]

_____

Before LOKEN, COLLOTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Brian Jones appeals after he pleaded guilty to a drug conspiracy offense, and
the district court[1] sentenced him to a prison term within the calculated Guidelines

_____

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western
District of Arkansas.

range. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Counsel presents as possible issues whether the district court erred in determining the drug quantity attributable to Jones, applying two Guidelines enhancements, and imposing a substantively unreasonable sentence.

We conclude that the district court did not clearly err in determining the drug quantity attributable to Jones. *See United States v. Plancarte-Vazquez*, 450 F.3d 848, 852 (8th Cir. 2006). We also conclude that the district court did not err, much less plainly err, in applying a role enhancement. The undisputed facts in the presentence report established that more than ten people were involved in the drug conspiracy. Jones exercised decision-making authority, participated in organizing the drug conspiracy, and exercised control over a co-conspirator's activities. *See United States v. Lovelace*, 565 F.3d 1080, 1087 (8th Cir. 2009); *United States v. Menteer*, 408 F.3d 445, 446 (8th Cir. 2005) (per curiam); *see also* U.S.S.G. § 3B1.1, comment. (n.4).

On the enhancement for involving a vulnerable individual in the offense, we conclude that any error was harmless because the Guidelines range was determined by the statutory maximum, whether or not the enhancement applied. *See United States v. Shuler*, 598 F.3d 444, 447 (8th Cir. 2010); *see also United States v. McCarns*, 900 F.3d 1141, 1146 (9th Cir. 2018). We further conclude that the district court did not impose a substantively unreasonable sentence, as there is no indication the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing appropriate factors. The court imposed the statutory-maximum prison term, which was within the calculated Guidelines range. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc); *see also United States v. Shafer*, 438 F.3d 1225, 1227 (8th Cir. 2006).

Finally, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____