# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3198

_____

United States of America

*Plaintiff - Appellee*

v.

Jermaine James

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: June 10, 2019
Filed: October 29, 2019
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jermaine James pleaded guilty to distributing five grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). James was sentenced to 120 months imprisonment, the bottom of the resulting advisory

guidelines range after the district court[1] determined that he is a "career offender" because he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). James appeals, arguing the court erred in concluding that his 2006 Arkansas conviction for battery in the first degree was a "crime of violence," and that his 2012 Arkansas conviction for conspiracy to deliver a controlled substance was a "controlled substance offense," as the career offender guideline provisions define those terms for purposes of the career offender enhancement. Reviewing these issues *de novo*, we affirm. See United States v. Eason, 643 F.3d 622, 623 (8th Cir. 2011) (standard of review), cert. denied, 565 U.S. 1132 (2012).

1. The career offender guidelines define "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(1). "Physical force" means "violent force -- that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

James was convicted of violating Ark. Code Ann. § 5-13-201(a)(1), which provides that a person commits battery in the first degree if, "[w]ith the purpose of causing serious physical injury to another person, the person causes serious physical injury to any person by means of a deadly weapon." As James acknowledges, we have squarely held that § 5-13-201(a)(1) is a crime of violence under the guidelines force clause because "a defendant exercises physical force to violate subsection (a)(1) by causing serious physical injury as Arkansas defines and interprets that term." United States v. Thomas, 838 F.3d 926, 930 (8th Cir. 2016), cert. denied, 137 S. Ct. 840 (2017). James argues that Thomas was wrongly decided. But "[i]t is a cardinal

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

rule in our circuit that one panel is bound by the decision of a prior panel." Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (citation omitted). Only the en banc court can overrule Thomas. We must follow this prior panel decision.

2. James was convicted of the Arkansas offense of conspiracy to deliver a controlled substance. The career offender guidelines define "controlled substance offense" to include "the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." § 4B1.2(b). Application Note 1 to § 4B1.2 provides that controlled substance offense "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." James argues that the plain language of § 4B1.2(b) "clearly excludes inchoate offenses" such as conspiracy and attempt; therefore, we should ignore Application Note 1 because guidelines commentary may interpret, but not add to, the offenses included in § 4B1.2(b). Our en banc court rejected this contention in United States v. Mendoza-Figueroa, concluding that the Sentencing Commission has statutory authority "to include drug conspiracy offenses in the category of offenses that warrant increased prison terms for career offenders," and therefore, applying the Supreme Court's decision in Stinson v. United States, 508 U.S. 36 (1993), we must give Note 1 authoritative weight. 65 F.3d 691, 692 (8th Cir. 1995) (en banc), cert. denied, 516 U.S. 1125 (1996).

Though Mendoza-Figueroa was decided in 1995, we have since followed it through the many twists and turns of career offender decision-making. See United States v. Williams, 926 F.3d 966, 971 (8th Cir. 2019); United States v. Bailey, 677 F.3d 816, 818 (8th Cir.), cert. denied, 568 U.S. 864 (2012). Other circuits have agreed and have applied Note 1 to prior aiding and abetting and attempt offenses as well as to conspiracy offenses. See United States v. Lange, 862 F.3d 1290, 1294-96 (11th Cir.), cert. denied, 138 S. Ct. 488 (2017); United States v. Nieves-Borrero, 856 F.3d 5, 9 (1st Cir. 2017); United States v. Chavez, 660 F.3d 1215, 1226-28 (10th Cir. 2011). James correctly notes that there is contrary circuit authority. See United

-3-

States v. Winstead 890 F.3d 1082, 1090-92 (D.C. Cir. 2018); <u>United States v. Havis</u>, 927 F.3d 382, 386-87 (6th Cir. 2019) (en banc); <u>cf.</u> <u>United States v. Rollins</u>, 836 F.3d 737, 742 (7th Cir. 2016) (en banc).  However, we are bound by our prior en banc decision in <u>Mendoza-Figueroa</u> and therefore agree with the district court that James was convicted of a controlled substance offense.

The judgment of the district court is affirmed.

_____