United States Court of Appeals

For the Eighth Circuit

_____

No. 22-2555
_____

United States of America,

*Plaintiff Appellee*,

v.

Elmer Francis, also known as Nathan,

*Defendant Appellant*.
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: March 27, 2023
Filed: April 6, 2023
[Unpublished]
_____

Before COLLOTON, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Elmer Francis appeals a sentence imposed by the district court[1] after he pleaded guilty to a drug offense. His counsel has moved to withdraw and filed a brief under

---

[1]The Honorable Timothy L. Books, United States District Judge for the Western District of Arkansas.

*Anders v. California*, 386 U.S. 738 (1967), challenging a four-level increase for role in the offense under the sentencing guidelines, and questioning the reasonableness of the sentence.

We conclude that the district court did not clearly err in applying the increase for role in the offense under USSG § 3B1.1. The undisputed facts in the presentence report established that the drug trafficking organization involved five or more participants. Francis admitted in the plea agreement that he was the head of the organization and recruited two co-conspirators to travel with him to California to obtain multiple pounds of methamphetamine. *See* USSG § 3B1.1(a); *United States v. Razo Guerra*, 534 F.3d 970, 976-77 (8th Cir. 2008); *United States v. Menteer*, 408 F.3d 445, 446 (8th Cir. 2005) (per curiam). We also conclude that Francis's sentence was not unreasonable, as there is no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc).

Francis has filed a pro se brief in which he argues that the presentence report relied on a confidential source who provided inaccurate information to law enforcement. But Francis withdrew his objections to most of the information in the report, *see Menteer*, 408 F.3d at 446 (per curiam), and the district court specifically stated that it would not take any disputed allegations into consideration for purposes of sentencing. *See* Fed. R. Crim. P. 32(i)(3)(B).

We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____