# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3163

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Lance Hack, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 5, 2002
Filed: March 13, 2002

_____

Before HANSEN, Chief Judge, WOLLMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Lance Hack appeals the sentence imposed by the district court[1] upon his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel has moved to withdraw and filed a brief raising three issues: (1) the district court erred in not granting Hack's downward-departure motion; (2) the government violated the plea agreement by failing to dispute the probation officer's recommended career-offender enhancement; and (3) the government failed to file an information under 21 U.S.C. § 851 concerning the

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

prior convictions that were the basis for Hack's career-offender enhancement. In a pro se brief, Hack joins counsel in arguing error based on the lack of notice under section 851.

Initially, we find that Hack waived his right to appeal the district court's downward-departure ruling (to the limited extent a district court's refusal to depart is reviewable). Hack's plea agreement contains a waiver of his right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of the law apart from the Guidelines. At the change-of-plea hearing, the district court inquired whether Hack had read and understood the plea agreement and reviewed the appeal waiver with him. See United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case without motion from government); United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999) (appeal waiver enforced where, inter alia, its language was clear, and sentence imposed was not contrary to plea agreement).

Because the other two issues raised on appeal involve alleged violations by the government of the plea agreement and statutory requirements, we address these issues; however, they are without merit. First, the government did not violate the plea agreement by failing to dispute the recommended career-offender enhancement: the plea agreement specifically stated that the parties' sentencing calculations, stipulations, and estimates did not bind the court, and the plea agreement did not obligate the government to assist Hack in disputing an unfavorable sentencing calculation reached by the probation office or the court. Cf. United States v. Romsey, 975 F.2d 556, 558 (8th Cir. 1992) (carefully-worded plea agreement preserved government's discretion not to file downward-departure motion). Second, section 851 notice procedures do not apply to the Guidelines' career-offender provisions. See United States v. Abanatha, 999 F.2d 1246, 1251 (8th Cir. 1993), cert. denied, 511 U.S. 1035 (1994).

Having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.