# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3066

_____

United States of America,

      Plaintiff - Appellee,

v.

James Christopher Bailey,

      Defendant - Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Arkansas.
\*
\* [PUBLISHED]
\*

_____

Submitted: February 17, 2012
Filed: May 14, 2012

_____

Before LOKEN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

After two controlled buys and a warrant search of his home, James Christopher Bailey was charged with conspiring to distribute more than 280 grams of cocaine base (crack cocaine), and with substantive counts of distributing crack or possession with intent to distribute on three specific dates. Because he had two prior felony drug convictions, Bailey was subject to "a mandatory term of life imprisonment without release," 21 U.S.C. § 841(b)(1)(A)(iii), but only if the United States attorney "before trial, or before entry of a plea of guilty . . . files [and serves] an information . . . stating in writing the previous convictions to be relied upon," 21 U.S.C. § 851(a)(1). Bailey pleaded guilty to the conspiracy count pursuant to a plea agreement in which the government agreed "not to file an information with the Court seeking a sentencing

enhancement of mandatory life imprisonment without release" and to "recommend that the defendant be sentenced within the applicable guideline range as determined by the court."

The presentence investigation report recommended that Bailey be sentenced as a career offender under the advisory guidelines because of his two prior felony drug convictions. See U.S.S.G. § 4B1.1(a). The government's Brief Regarding Sentencing Issues supported that recommendation. At sentencing, Bailey objected that a career offender enhancement would be inconsistent with the government's commitment in the plea agreement not to pursue statutory enhancements. The district court[1] found him to be a career offender, resulting in an advisory guidelines range of 262 to 327 months. The court imposed a sentence of 262 months in prison. Bailey appeals, arguing that the district court committed reversible error by sentencing him as a career offender because the government's commitment in the plea agreement not to seek a statutory enhancement "by definition includes the agreement to not seek enhancement under U.S.S.G. § 4B1.1(a)." We disagree.

The Government did not violate the plea agreement. Its promise "not to file an information . . . seeking a sentencing enhancement of mandatory life imprisonment" was an unambiguous reference to the filing of an information under 21 U.S.C. § 851, which would still have been timely when the plea agreement was signed and which would have authorized "a sentencing enhancement of mandatory life imprisonment without release" under 21 U.S.C. § 841(b)(1)(A)(iii). As the district court recognized, it is well-settled that a § 851 information "is limited to situations in which a convicted defendant's *statutory* minimum or maximum penalty is enhanced under Part D of Title 21, and not to [an enhancement under the now-advisory guidelines] which is within a statutory range." United States v. Wallace, 895 F.2d 487, 490 (8th Cir. 1990).

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

Thus, the government does not breach a plea agreement by promising not to file a § 851 information and then not opposing, or even supporting, a career offender increase under § 4B1.1 of the guidelines based upon the same convictions that would have warranted a § 851 filing. See, e.g., United States v. Frisby, 258 F.3d 46, 51 (1st Cir. 2001); United States v. Hack, 38 F. App'x 344, 346 (8th Cir. 2002) (unpublished). Here, beyond agreeing not to file a § 851 information, the government promised to "recommend that [Bailey] be sentenced within the applicable guideline range as determined by the court." It did not breach that promise by supporting the career offender recommendation and then taking no position at sentencing as to whether the district court should sentence Bailey within the resulting guidelines range. See United States v. Parker, 512 F.3d 1037, 1039 (8th Cir. 2008); United States v. Leach, 491 F.3d 858, 865 (8th Cir.), cert. denied, 128 S. Ct. 682 (2007).

Bailey further argues in letters submitted *pro se* that his conspiracy offense may not trigger a § 4B1.1 career-offender determination. Although this contention finds support in earlier cases from some other circuits, we have squarely rejected it. United States v. Mendoza-Figueroa, 65 F.3d 691, 692 (8th Cir. 1995) (en banc), cert. denied, 516 U.S. 1125 (1996), applying U.S.S.G. § 4B1.2, comment. (n.1), which defines "controlled substance offense" to include conspiracy offenses. See generally United States v. Lightbourn, 115 F.3d 291, 293 (5th Cir. 1997).

As Bailey does not otherwise challenge the district court's factual finding that he is a career offender, allege other procedural error, or argue that his sentence is substantively unreasonable, the judgment of the district court must be affirmed.

_____