# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3598

_____

United States of America

*Plaintiff - Appellee*

v.

Roy Ramirez

*Defendant - Appellant*

_____

No. 18-3599

_____

United States of America

*Plaintiff - Appellee*

v.

Roy Ramirez

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 23, 2019
Filed: November 1, 2019
[Unpublished]
_____

Before KELLY, MELLOY, and STRAS, Circuit Judges.

_____

PER CURIAM.

After being discovered in possession of an assault rifle loaded with a large-capacity magazine, Defendant Roy Ramirez pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). He committed the offense while on supervised release from an earlier firearm conviction. He admitted that the most recent firearm possession also violated the terms of his supervised release, and he admitted to committing four other supervised release violations.

At Ramirez's request, the district court[1] held back-to-back hearings to address his new sentence and his revocation of supervised release. The district court imposed a new sentence of 71 months' imprisonment and a consecutive 8-month revocation sentence. The new sentence was at the top of the applicable Guidelines range based, in part, on a determination that a prior federal conviction for conspiring to possess marijuana with intent to distribute qualified as a predicate conviction for a "controlled substance offense" pursuant to U.S.S.G. § 2K2.1(a)(3). Ramirez appeals, arguing the district court committed plain procedural error in its § 2K2.1(a)(3) determination. He also argues the district court abused its discretion in ordering the revocation sentence to run consecutively to the new sentence.

The district court did not err in its application of § 2K2.1(a)(3). The commentary to that section defines "controlled substance offense" by means of a

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

reference to definitions provided in the career-offender guidelines. U.S.S.G. § 2K2.1 cmt. n.1 (referencing U.S.S.G. § 4B1.2(b) and § 4B1.2 cmt. n.1). Our court has "squarely rejected" the argument that conspiracy offenses fail to qualify as controlled substance offenses under these cross-referenced career-offender definitions. United States v. Bailey, 677 F.3d 816, 818 (8th Cir. 2012) (per curiam); United States v. Mendoza-Figueroa, 65 F.3d 691, 694 (8th Cir. 1995) (en banc) (holding that the inclusion of conspiracy offenses in § 4B1.2 cmt. n.1 "is well within the Sentencing Commission's statutory authority" as described in Stinson v. United States, 508 U.S. 36, 38 (1993)). In the absence of error, there was no plain error.

Further, the district court did not abuse its discretion in making the revocation sentence consecutive to the new sentence. United States v. Valure, 835 F.3d 789, 791 (8th Cir. 2016) (standard of review); see also 18 U.S.C. § 3584(b) (authorizing consecutive sentences and stating that courts "shall consider" the factors of 18 U.S.C. § 3553(a) when deciding whether to make a revocation sentence consecutive or concurrent). Here, the district court thoughtfully, and at some length, analyzed the § 3553(a) factors as to both sentences. The district court expressly considered the mitigating and aggravating circumstances, discussed Ramirez's several arguments, and explained its reasoning on the record. At the end of the day, the district court elected to place substantial weight on the facts that Ramirez has an extensive history of firearm-related convictions and supervised release violations and that previous terms of incarceration and supervised release failed to curtail his use of guns.

We affirm the judgment of the district court.

_____