United States Court of Appeals

For the Eighth Circuit

_____

No. 19-3158

_____

United States of America,

*Plaintiff - Appellee*,

v.

Timothy Allen McWilliams,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 17, 2020
Filed: May 29, 2020
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Timothy McWilliams pleaded guilty to one count of possession with intent to distribute five grams or more of methamphetamine. *See* 21 U.S.C. § 841(a)(1),

(b)(1)(B). At sentencing, the district court[1] varied downward from the advisory guideline range of 188 to 235 months' imprisonment and sentenced McWilliams to 151 months in prison. McWilliams argues on appeal that the district court committed procedural error in calculating the advisory guideline range when it determined that he qualified as a career offender under USSG § 4B1.1.

The district court determined that McWilliams qualified as a career offender based on his prior convictions in Iowa for domestic abuse assault and conspiracy to manufacture a controlled substance. A defendant is a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A "controlled substance offense" includes an offense that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance." USSG § 4B1.2(b). Application Note 1 to § 4B1.2 states that the terms "'[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." USSG § 4B1.2, comment. (n.1).

McWilliams argues that his prior conviction for conspiracy to manufacture a controlled substance does not qualify as a "controlled substance offense" because the guideline does not encompass inchoate offenses like conspiracy and attempt. Citing *United States v. Havis,* 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam), and *United States v. Winstead*, 890 F.3d 1082, 1091 (D.C. Cir. 2018), he contends that the guideline commentary is invalid because it is inconsistent with the guideline and is not an interpretation of the guideline at all.

McWilliams's argument is foreclosed by circuit precedent. *United States v. Merritt*, 934 F.3d 809, 811 (8th Cir. 2019); *United States v. Williams*, 926 F.3d 966,

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

971 (8th Cir. 2019); *United States v. Bailey*, 677 F.3d 816, 818 (8th Cir. 2012) (per curiam). These decisions construed *United States v. Mendoza-Figueroa*, 65 F.3d 691 (8th Cir. 1995) (en banc), as deciding that the commentary is valid, and that a drug conspiracy offense is a controlled substance offense. Other circuits likewise have held that the commentary is valid and that inchoate drug offenses qualify as controlled substance offenses under the guidelines. *United States v. Lange*, 862 F.3d 1290, 1294-96 (11th Cir. 2017); *United States v. Chavez*, 660 F.3d 1215, 1226-28 (10th Cir. 2011); *United States v. Piper*, 35 F.3d 611, 617 (1st Cir. 1994); *see also United States v. Adams*, 934 F.3d 720, 727-30 (7th Cir. 2019) (construing USSG § 2K2.1). We note that the Sentencing Commission has published a proposed amendment to USSG § 4B1.2 that would resolve the disagreement among the circuits on this issue. *See* Sentencing Guidelines for United States Courts, 83 Fed. Reg. 65400, 65412-15 (proposed Dec. 20, 2018) (to be codified at USSG § 4B1.2).

For these reasons, there was no error in calculating the advisory guideline range, and the judgment of the district court is affirmed.

_____