# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2784

_____

United States of America,

*Plaintiff - Appellee,*

v.

Gregory Allen Jobe,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted:  April 16, 2020
Filed: May 29, 2020
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Gregory Jobe pleaded guilty to one count of distributing a controlled substance. *See* 21 U.S.C. § 841(a)(1).  At sentencing, the district court[1] calculated an advisory

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

guideline range of 151 to 188 months' imprisonment, and sentenced him to 180 months. Jobe argues that the district court committed procedural error by determining that he qualified as a career offender under USSG § 4B1.1. We conclude that there was no error and therefore affirm.

The district court determined that Jobe qualified as a career offender based on his prior Arkansas convictions for terroristic threatening and delivery of methamphetamine. A defendant is a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A "controlled substance offense" includes an offense that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance." USSG § 4B1.2(b). Application Note 1 to § 4B1.2 states that the terms "'[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." USSG § 4B1.2, comment. (n.1).

Jobe contends that his prior conviction for delivery of methamphetamine in Arkansas is not a "controlled substance offense" because the offense encompasses *attempted* delivery of methamphetamine. *See* Ark. Code Ann. §§ 5-64-101(6), 5-64-422. Citing *United States v. Havis,* 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam), and *United States v. Winstead*, 890 F.3d 1082, 1091 (D.C. Cir. 2018), he argues that the guideline commentary that purports to include attempt offenses is invalid, because it is inconsistent with the guideline and is not an interpretation of the guideline at all.

Jobe's argument is foreclosed by several decisions of this court holding that Application Note 1 is valid and enforceable. *United States v. Garcia*, 946 F.3d 413, 417 (8th Cir. 2019); *United States v. Merritt*, 934 F.3d 809, 811 (8th Cir. 2019); *United States v. Williams*, 926 F.3d 966, 971 (8th Cir. 2019); *United States v. Bailey*, 677 F.3d 816, 818 (8th Cir. 2012) (per curiam); *see also United States v.*

*Mendoza-Figueroa*, 65 F.3d 691, 694 (8th Cir. 1995) (en banc). Other circuits likewise have held that attempt offenses qualify as controlled substance offenses under the guidelines. *United States v. Lange*, 862 F.3d 1290, 1294-96 (11th Cir. 2017); *United States v. Chavez*, 660 F.3d 1215, 1226-28 (10th Cir. 2011). We note that the Sentencing Commission has published a proposed amendment to USSG § 4B1.2 that would resolve the disagreement among the circuits on this issue. *See* Sentencing Guidelines for United States Courts, 83 Fed. Reg. 65400, 65412-15 (proposed Dec. 20, 2018) (to be codified at USSG § 4B1.2).

For these reasons, there was no error in calculating the advisory guideline range, and the judgment is affirmed.

_____