# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1512

———————————————

United States of America

*Plaintiff - Appellee*

v.

Morris Devon Brown

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: January 11, 2021
Filed: June 18, 2021
[Published]

——————————

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Morris Brown was sentenced to 240 months' imprisonment after he pleaded guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c), and possessing controlled substances with intent to manufacture and distribute at least 280 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1),

841(b)(1)(A)(iii), and 841(b)(1)(c). On appeal, he argues that the district court[1] erred in applying a career-offender enhancement pursuant to U.S.S.G. § 4B1.1 and that his sentence was substantively unreasonable. We affirm.

## I. *Background*

After purchasing cocaine from Brown in two controlled deliveries, law enforcement obtained a warrant to search Brown, his vehicle, and the two residences associated with him. The search yielded approximately 339 grams of crack cocaine, 27.91 grams of powder cocaine, about 83.5 grams of marijuana, and a stolen loaded pistol. Law enforcement also discovered evidence of drug manufacturing and distribution, including plastic baggies, digital scales, and $8,000.

Brown pleaded guilty to one count of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c), and one count of possession of controlled substances with intent to manufacture and distribute at least 280 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(iii), and 841(b)(1)(c).[2]

The district court determined that Brown was a career offender pursuant to U.S.S.G. § 4B1.1. The court relied on Brown's prior convictions: (1) possession with intent to deliver marijuana, in violation of Iowa Code § 124.401(1)(d); and (2) attempted murder, in violation of Iowa Code § 707.11.

Based on his criminal history category of VI and a total offense level of 34, Brown's sentencing range was 262 to 327 months' imprisonment. The district court

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

[2]Brown was also charged with a second count of distributing cocaine base and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), but the government dismissed those counts.

sentenced Brown to 240 months' imprisonment for each count, to be served concurrently. Brown timely appealed.

## II. *Discussion*

Brown argues that the district court (a) erred in concluding that he is a career offender under § 4B1.1 and (b) imposed a substantively unreasonable sentence.

## A. *Career Offender Status*

Brown argues that his prior convictions do not qualify him as a career offender. A defendant qualifies as a career offender if (1) he is convicted of a felony that is either a crime of violence or a controlled substance offense and (2) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).[3] We review a district court's interpretation and application of the Sentencing Guidelines and its career-offender determination de novo. *United States v. Peeples*, 879 F.3d 282, 286 (8th Cir. 2018). To determine whether a prior conviction constitutes a controlled substance offense or a crime of violence, courts apply "the 'categorical approach': [We] compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 570 U.S. 254, 257 (2013). The prior conviction is a categorical match "if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

Section 4B1.2 defines "crime of violence," in relevant part, as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). It defines "controlled substance offense" as

---

[3]The defendant must also be "at least eighteen years old at the time [he] committed the instant offense of conviction." U.S.S.G. § 4B1.1(a).

an offense . . . , punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b). The commentary to § 4B1.2 states that "'[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* § 4B1.2 cmt. n.1.

### 1. *Crime of Violence*

A person violates Iowa's attempted murder statute "when, with the intent to cause the death of another person . . . , the person does any act by which the person expects to set in motion a force or chain of events which will cause or result in the death of the other person." Iowa Code § 707.11(1). Brown argues that a conviction under § 707.11 is not a crime of violence because the statute does not necessarily require force. This argument is foreclosed by *Peeples*, where we held that a conviction under § 707.11 is a crime of violence, as defined by § 4B1.2, because "§ 707.11 . . . has as an element the *use or attempted use* of force." 879 F.3d at 287 (emphasis added). There, we rejected the defendant's argument that § 707.11 does not necessarily require the use of force because it could be committed by an act of omission:

> [T]he statute still requires the use of force, satisfying the violent force requirement under the Guidelines. . . . Because it is impossible to cause bodily injury without force, it would also be impossible to cause death without force. *Thus, an attempt to cause death would also require the use or attempted use of force.*

*Id.* (emphasis added). Brown acknowledges that *Peeples* governs, but he maintains that it was wrongly decided. We are bound by earlier decisions of other panels, however. *See Jackson v. Ault*, 452 F.3d 734, 736 (8th Cir. 2006).

Alternatively, Brown contends that § 707.11 is broader than the Guidelines' definition because it can be committed by aiding and abetting, *see* Iowa Code § 703.1, or joint criminal conduct, *see id.* § 703.2. Neither of these arguments persuades us. The commentary to § 4B1.2 states that a "crime of violence" *includes* "aiding and abetting" a crime of violence. U.S.S.G. § 4B1.2 cmt. n.1. Brown contends that the Guidelines must include inchoate offenses explicitly, not through commentary, but we have held otherwise. In *United States v. Mendoza-Figueroa*, we "conclude[d] that U.S.S.G. § 4B1.2, comment. (n. 1), is a reasonable interpretation of the career offender guidelines that is well within the Sentencing Commission's statutory authority." 65 F.3d 691, 694 (8th Cir. 1995) (en banc). Accordingly, we rejected the argument that § 4B1.2 does not encompass the crime of drug *conspiracy* simply because it mentions conspiracy only in the commentary note. We reiterated this in *United States v. Merritt*. 934 F.3d 809, 811 (8th Cir. 2019) (holding that § 4B1.2 includes the inchoate crime of drug conspiracy).

Brown's joint criminal conduct argument also fails. Under § 703.2, a person who commits an offense in concert with another person "is responsible for the acts of the other [person] done in furtherance of the commission of the offense . . . , and each person's guilt will be the same as that of the person so acting" if the other person's acts could be "reasonably expect[ed] to be done in the furtherance of the commission of the offense." Here, Brown pleaded guilty to, and was convicted of, "Attempted Murder, in violation of Section 707.11, 703.1 and 703.2." Def.'s Sentencing Mem., Ex. G, *United States v. Brown*, No. 3:19-cr-00004-JAJ-SBJ-1 (S.D. Iowa 2020), ECF No. 65-2. Even if his § 707.11 conviction may have resulted from joint criminal conduct, what matters is that he was convicted of the substantive offense of attempted murder under § 707.11. Because we have held "that Iowa Code

§ 707.11 . . . has as an element the use or attempted use of force" and therefore constitutes a crime of violence, *see Peeples*, 879 F.3d at 287, the district court did not err in finding that Brown was previously convicted of a crime of violence.

### 2. *Controlled Substance Offense*

Iowa Code § 124.401(1) prohibits "manufactur[ing], deliver[ing], or possess[ing] with the intent to manufacture or deliver, a controlled substance, a counterfeit substance, a simulated controlled substance, or an imitation controlled substance" or conspiring to do so.[4] Brown argues that his conviction under § 124.401(1)(d) is not a controlled substance offense under the Guidelines. He relies on the same aiding and abetting argument that he made with respect to his § 707.11 conviction. It fares no better here and, for the same reasons, fails. As he "acknowledges[,] this Court's ruling in *Merritt* forecloses the argument he now makes." Appellant's Br. at 18. Accordingly, the district court did not err in concluding that Brown's § 124.401(1)(d) conviction constitutes a controlled substance offense for the purposes of a career-offender enhancement.

### B. *Substantive Reasonableness*

Brown argues that his below-range, 240-month sentence was substantively unreasonable. We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Hayes*, 518 F.3d 989, 995 (8th Cir. 2008)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id.* (quotation omitted).

---

[4]The offense is a class D felony if the violation involves 50 kilograms or less of marijuana. Iowa Code § 124.401(1)(d).

The district court carefully considered and analyzed the relevant factors. It took particular note of Brown's mitigating factors, such as his drug and alcohol dependence, lack of youthful guidance, age, and "the tragedy of someone at such an early age being destined for so much incarceration." Sentencing Tr. at 18:20–21, *United States v. Brown*, No. 3:19-cr-00004-JAJ-SBJ-1 (S.D. Iowa 2020), ECF No. 79. It also stated, "[O]bviously anything I do here today is going to take away another significant part of your adult life and I don't take that lightly." *Id.* at 18:22–24.

Brown contends that the district court gave significant weight to facts not supported by the record when it applied the career-offender enhancement. But we have already concluded that the enhancement was supported by the record, and the "court ha[d] wide latitude to weigh the § 3553(a) factors . . . and assign some factors greater weight than others." *United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010) (quotation omitted). Moreover, the district court specifically noted that it imposed the "same sentence that would be imposed regardless of how the career offender designation was determined." Sentencing Tr. at 20:23–25. We find no abuse of discretion.

### III. *Conclusion*

For the foregoing reasons, we affirm the district court's judgment.

_____