# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-2361

_____

United States of America,

*Plaintiff - Appellee,*

v.

Tray Everett Miller,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: May 10, 2021
Filed: August 25, 2021
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Tray Miller pleaded guilty to unlawful possession of a firearm as a previously convicted felon. The district court[1] sentenced him to 100 months' imprisonment. Miller appeals his sentence, and we affirm.

Miller was arrested at his home in June 2019. During the execution of a search warrant, officers recovered two handguns—a Smith & Wesson revolver and a Hi-Point pistol. A grand jury charged Miller with unlawful possession of a firearm as a previously convicted felon, *see* 18 U.S.C. § 922(g)(1), and he pleaded guilty. At sentencing, the district court calculated an advisory guideline range of 100 to 120 months' imprisonment, and sentenced Miller at the bottom of the range.

On appeal, Miller first contests the district court's calculation of his advisory guideline sentencing range. The district court applied a base offense level of 20 after determining that Miller previously had sustained a conviction for a "controlled substance offense" under Iowa Code § 124.401(1)(c). *See* USSG §§ 2K2.1(a)(4)(A), 4B1.2(b). Miller argues that a violation of the Iowa statute does not constitute a controlled substance offense because the statute permits convictions for inchoate offenses. Although the guideline commentary provides that "controlled substance offense" includes the offenses of aiding and abetting, conspiring, and attempting to commit such an offense, *id*. § 4B1.2, comment. (n.1), Miller maintains that the commentary is invalid. This argument is foreclosed by circuit precedent. *United States v. Brown*, 1 F.4th 617, 620-21 (8th Cir. 2021) (per curiam); *United States v. Merritt*, 934 F.3d 809, 811 (8th Cir. 2019); *United States v. Williams*, 926 F.3d 966, 971 (8th Cir. 2019); *see United States v. Mendoza-Figueroa*, 65 F.3d 691, 693-94 (8th Cir. 1995) (en banc). Miller suggests that *Kisor v. Wilkie*, 139 S. Ct. 2400

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

(2019), undermined our circuit precedent, but *Kisor* reaffirmed existing law on the legal force of guideline commentary. *Id*. at 2411 n.3, 2422; *see United States v. Lewis*, 963 F.3d 16, 23-24 (1st Cir. 2020). We note that the Sentencing Commission has published a proposed amendment to § 4B1.2 that would resolve the disagreement among the circuits on this issue. *See* Sentencing Guidelines for United States Courts, 83 Fed. Reg. 65400, 65412-15 (proposed Dec. 20, 2018) (to be codified at USSG § 4B1.2). Miller also contends that the scope of accomplice liability under Iowa law broadens Iowa Code § 124.401(1) beyond the definition of "controlled substance offense," but this argument is foreclosed by *United States v. Boleyn*, 929 F.3d 932, 938-40 (8th Cir. 2019).

Miller next challenges the district court's application of a four-level increase for his possession of a firearm with an "altered or obliterated serial number." USSG § 2K2.1(b)(4)(B). He concedes that one firearm lacked a serial number, but argues that the increase applies only when the obliteration was caused by "human hands" rather than a natural process like rusting. The text of the guideline does not call for proof of an intentional human act; it says only that the increase applies if the firearm "had an altered or obliterated serial number." *Id*. In any event, the district court found that the revolver's serial number was removed in a manner "that's inconsistent with the natural occurrence of rust." A law enforcement officer testified that part of the gun's frame was "ground out a little bit," and that "rust" would not have caused the void. The district court agreed, observing that "if one were to see rust so deep that you could obliterate a serial number through oxidation, you would expect it to be even across the entire surface of the weapon." That finding is not clearly erroneous.

Miller also complains that the district court failed to address his argument that a two-level downward variance was appropriate because the four-level increase for an obliterated serial number enhancement is outdated and lacks an empirical basis. Miller did not object to the adequacy of the district court's explanation for the

sentence, so we review only for plain error. *United States v. Chavarria-Ortiz*, 828 F.3d 668, 670-71 (8th Cir. 2016); *see* Fed. R. Crim. P. 52(b). While a judge "will normally" address reasons for rejecting a defendant's nonfrivolous argument, *Rita v. United States*, 551 U.S. 338, 357 (2007), "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008). And the absence of comment on an argument "does not mean that it was not considered." *United States v. Black*, 670 F.3d 877, 881 (8th Cir. 2012). Here, the district court reviewed the sentencing memorandum that included Miller's argument for a variance, and heard Miller's argument at sentencing that technological developments make it easier to recover obliterated serial numbers. The district court evidently was not convinced and decided to follow the recommendation of the Sentencing Commission. Miller did not object on procedural grounds and ask the court to address the matter at the hearing. The absence of a specific response was not an obvious procedural error, and Miller has not shown a reasonable probability that the sentence would have been different if the district court had added an explanation on the record.

The judgment of the district court is affirmed.

_____