# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1402

———————————————

United States of America

*Plaintiff - Appellee*

v.

Terrance Lamont Mason, Jr.

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa

——————————

Submitted: January 11, 2022
Filed: June 6, 2022
[Unpublished]

——————————

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

——————————

PER CURIAM.

In December 2019, Terrance Lamont Mason, Jr., pled guilty to one count of unlawfully possessing a firearm and ammunition as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, Mason argued his past conviction for possessing marijuana in violation of Iowa Code § 124.401(1)(d) did not qualify as a controlled substance offense under United States Sentencing Guidelines Manual

("Guidelines" or "U.S.S.G.") § 2K2.1(a)(4)(A). The district court[1] disagreed and concluded Mason's conviction did qualify, thus establishing a base offense level of 20. The district court later sentenced Mason within the advisory Guidelines range. Mason appeals, arguing the district court wrongly concluded his prior conviction was a controlled-substance offense. After de novo review, *see United States v. Williams*, 926 F.3d 966, 969 (8th Cir. 2019), we conclude Mason's conviction under Iowa Code § 124.401(1)(d) is a controlled substance offense for purposes of § 2K2.1(a)(4)(A).

The Guidelines establish a base offense level at 20 for 18 U.S.C. § 922(g)(1) convictions if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense[.]" U.S.S.G. § 2K2.1(a)(4)(A). The Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Mason first argues his past marijuana-possession conviction does not qualify as a "controlled substance offense" because, at the time of his conviction, Iowa Code § 124.401(1)(d) defined marijuana to include hemp, which is not a Schedule I "controlled substance" for purposes of federal law. *See* 21 U.S.C. § 802(6) and (16)(B)(i), *see also* 21 U.S.C. § 812(c)(10). Alternatively, Mason argues that because Iowa Code § 124.401(1) includes inchoate offenses and § 4B1.2(b) does not, the Iowa statute is similarly overbroad. Precedent forecloses both arguments.

Controlled substance offenses under § 4B1.2(b) "include state-law offenses related to controlled or counterfeit substances punished by imprisonment for a term exceeding one year." *United States v. Henderson*, 11 F.4th 713, 718 (8th Cir. 2021)

---

[1]The Honorable Stephanie M. Rose, then United States District Judge for the Southern District of Iowa, now Chief Judge.

(quoting *United States v. Ruth*, 966 F.3d 642, 654 (7th Cir. 2020)). Iowa Code § 124.401(a)(1) meets these requirements. *See United States v. Scott*, No. 21-3371, 2022 WL 1233083, at \*1 (8th Cir. Apr. 27, 2022) (holding that a conviction under Iowa Code § 124.401(1)(d) was a controlled substance offense for purposes of § 2K2.1(a)(4)(A) and holding *Henderson* foreclosed the same hemp-based argument). Contrary to Mason's claim, "[t]here is no requirement that the particular substance underlying the state offense is also controlled under a distinct federal law." *Henderson*, 11 F.4th at 718. Mason's alternative argument—that Iowa Code § 124.401(1) is overbroad because it includes inchoate offenses and § 4B1.2(b) does not include them—is also foreclosed by precedent. *See United States v. Brown*, 1 F.4th 617, 620–621 (8th Cir. 2021) (holding Iowa Code § 124.401(1)(d) is a controlled substance offense and rejecting the defendant's aiding and abetting argument).

We therefore conclude the district court did not err by increasing Mason's Guidelines base offense level pursuant to § 2K2.1(a)(4)(A). Accordingly, we affirm the judgment of the district court.

_____