# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1132
_____

United States of America

*Plaintiff - Appellee*

v.

Austin Rockwood

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: September 19, 2022
Filed: October 3, 2022
[Unpublished]
_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Austin Rockwood pled guilty to possessing a firearm as a felon, and the district court[1] sentenced him to 72 months imprisonment, followed by 3 years of

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

supervised release. Rockwood appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

On appeal, Rockwood argues only that the district court erred in calculating his base offense level under United States Sentencing Guidelines (USSG) § 2K2.1(a)(4)(A). Specifically, Rockwood asserts that under the categorical approach his prior Iowa conviction for possession of marijuana with intent to distribute, in violation of Iowa Code § 124.401(1)(d), cannot serve as a predicate controlled substance offense for the purposes of USSG § 2K2.1(a)(4) because, at the time of his previous conviction, Iowa law criminalized the possession of hemp, which is broader than the definition of marijuana in the Controlled Substances Act (CSA). "On appeal, we review de novo whether a prior conviction qualifies as a . . . controlled substance offense under the Guidelines." United States v. Williams, 926 F.3d 966, 969 (8th Cir. 2019).

Rockwood concedes that his argument is identical to the argument this Court rejected in United States v. Jackson, No. 20-3684, 2022 WL 303231, at *2 (8th Cir. Feb. 2, 2022) (per curiam) (holding that the defendant's "uncontested prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as controlled substance offenses" for his base offense level calculation). During the pendency of Rockwood's appeal, this Court adopted Jackson's reasoning by published opinion in United States v. Bailey, 37 F.4th 467, 469-470 (8th Cir. 2022).[2] Accordingly, Rockwood's argument is foreclosed by the decision of the Bailey panel. See United States v. Anderson, 771 F.3d 1064, 1066 (8th Cir. 2014) ("[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (alteration in original) (citation omitted)).

For the foregoing reasons, we affirm the judgment of the district court.

_____

---

[2]In his brief, Rockwood likewise concedes that his argument is identical to the argument raised in Bailey, though that case had not yet been decided. See Appellant's Br. ii n.1.