# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2479
_____

United States of America

*Plaintiff - Appellee*

v.

Denvy Hoffman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: March 13, 2023
Filed: March 30, 2023
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Denvy Hoffman pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the district court[1] sentenced him to 72 months' imprisonment followed by 3 years of supervised

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

release.  Hoffman appeals his sentence.  Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Hoffman's only argument on appeal is that the district court erred in calculating his base offense level.  Specifically, Hoffman asserts that his prior Iowa conviction for possession of marijuana with intent to deliver cannot serve as a predicate "controlled substance offense" for the purpose of increasing his base offense level under United States Sentencing Guidelines (USSG) § 2K2.1(a)(3).  Hoffman grounds his claim on the theory that, at the time of his previous conviction, Iowa law did not distinguish between hemp and marijuana, but at the time of sentencing in this case, Iowa law specifically excluded hemp from the marijuana definition.  According to Hoffman, since his prior conviction was under an Iowa statute that included substances that Iowa had decontrolled at the time of his sentencing, the prior conviction is overbroad and cannot serve as a "controlled substances offense" for Guidelines purposes.

"On appeal, we review de novo whether a prior conviction qualifies as a . . . controlled substance offense under the Guidelines."  United States v. Williams, 926 F.3d 966, 969 (8th Cir. 2019).  As Hoffman concedes, his argument is squarely foreclosed by this Court's precedent.  Indeed, in United States v. Bailey, 37 F.4th 467 (8th Cir. 2022) (per curiam), we held that the district court did not err in increasing the defendant's base offense level under USSG § 2K2.1(a)(3) given his previous Iowa conviction for possession of marijuana with intent to deliver.  We reasoned that, although Iowa had removed hemp from its definition of marijuana, this was immaterial, as we do not look to "current state law to define a previous offense."  Id. at 470 (citation omitted); see also United States v. Perez, 46 F.4th 691, 703 (8th Cir. 2022) ("[W]hether a prior state conviction is a controlled substance offense for Guidelines purposes is based on the law at the time of conviction, without reference to current state law.").

"[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." United States v. Anderson, 771 F.3d 1064, 1066 (8th Cir. 2014) (alteration in original) (citation omitted). Thus, Hoffman's argument is foreclosed.

For the foregoing reasons, we affirm the judgment of the district court.

_____